AFFIRM; Opinion Filed March 26, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-11-01548-CV

### MEHANNA MEHANNA, Appellant
### V.
### INTERNATIONAL GOURMET FOODS, INC., Appellee

### On Appeal from the 14th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-10-08946

# MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion by Justice Moseley

Mehanna Mehanna sued International Gourmet Foods, Inc. d/b/a Zituna World Food Market a/k/a Zituna International Gourmet Foods ("Zituna") in connection with a slip-and-fall accident. At the trial, the trial court denied several motions for continuance. The case was tried to a jury, which returned a verdict against Mehanna, and the trial court entered a take-nothing judgment. Mehanna filed a motion for new trial, which was overruled by operation of law.

Mehanna asserts three issues on appeal, all related to the trial court's denial of the motions for continuance. Specifically, Mehanna argues the trial court abused its discretion by: (1) denying a joint—but unverified—motion for continuance; (2) denying Mehanna's verified-and-unopposed motion for continuance; and (3) violating Texas Rule of Civil Procedure 330(d) by failing to address how a continuance would "unreasonably delay or interfere with other business of the court." The background and facts of the case are well known to the parties; thus,

we do not recite them here. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

We review the denial of a motion for continuance for an abuse of discretion. *Wal-Mart Stores Tex., LP v. Crosby*, 295 S.W.3d 346, 356 (Tex. App.—Dallas 2009, pet. denied). A trial court abuses its discretion by making a decision that is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). In determining whether the trial court abused its discretion, the reviewing court considers three nonexclusive factors: (1) the length of time the case been on file, (2) the materiality and purpose of the discovery sought; and (3) whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Strong v. Strong*, 350 S.W.3d 759, 763 (Tex. App.—Dallas 2011, pet. denied).

Mehanna argues the trial court abused its discretion by denying the joint motion for continuance on grounds the motion was not verified. Mehanna and Zituna filed their joint motion for continuance on July 15, 2011, before the July 26th trial setting. The motion stated, "Prior to trial, both parties require additional time to complete discovery and conduct mediation. To date, this case is No.4 on the Court's docket." On July 22, 2011, the trial court held a hearing on the joint motion for continuance. At the hearing, the trial court stated the joint motion for continuance violated the court's scheduling order and the rules of civil procedure because it was not verified. After hearing argument on the motion from both parties, the trial court denied the joint motion for continuance.

We agree a motion for continuance "made by consent of the parties" does not need to be verified. TEX. R. CIV. P. 251 (stating that no continuance shall be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law"). However, if a movant seeks a continuance to conduct further discovery, "the motion must describe the evidence sought, explain its materiality, and show the party requesting the continuance has used due diligence to obtain the evidence." *Crosby*, 295 S.W.3d at 356 (citing *Pape v. Guadalupe-Blanco*

*River Auth.*, 48 S.W.3d 908, 914 (Tex. App.—Austin 2001, pet. denied)); *See* TEX. R. CIV. P. 252. Because Mehanna's motion failed to comply with Rule 252, the trial court did not abuse its discretion in denying the joint motion for continuance. *See* TEX. R. CIV. P. 252. We overrule Mehanna's first issue.

In his second issue, Mehanna argues the trial court abused its discretion by denying his verified-and-unopposed motion for continuance, which was filed one day before trial. Like the joint motion for continuance, however, Mehanna's verified-and-unopposed motion for continuance does not explain the materiality of the evidence sought or show Mehanna used due diligence to obtain such evidence. *See* Tex. R. Civ. P. 252; *Crosby*, 295 S.W.3d at 356. As a result, the trial court did not abuse its discretion in denying Mehanna's verified-and-unopposed motion for continuance. We overrule Mehanna's second issue.

Lastly, Mehanna argues that under rule 330(d), the trial court is required to grant a motion for continuance if it is done by agreement of the parties, unless the continuance will "unreasonably delay or interfere with other business of the court." TEX. R. CIV. P. 330(d). This part of rule 330(d), however, applies to cases that are not tried despite being "set and reached in its due order and called for trial two (2) or more times." *Id.* Because this case does not fit within that category, rule 330(d) did not limit the trial court's discretion to rule on the motions for continuance. We overrule Mehanna's third issue.

We affirm the trial court's judgment.

JIM MOSELEY
JUSTICE

111548F.P05

—3—



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

MEHANNA MEHANNA, Appellant

No. 05-11-01548-CV     V.

INTERNATIONAL GOURMET FOODS,
INC., Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-08946.
Opinion delivered by Justice Moseley.
Justices Fillmore and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee INTERNATIONAL GOURMET FOODS, INC. recover
its costs of this appeal from appellant MEHANNA MEHANNA.

Judgment entered this 26th day of March, 2013.

_____
JIM MOSELEY
JUSTICE